IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD EUGENE PARRAN, | : | CIVIL ACTION NO. 3:14-CV-1522 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

On August 4, 2013, plaintiff Ronald Eugene Parran ("plaintiff"), an inmate presently incarcerated in the State Correctional Institution at Fayette, LaBelle, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 8). Preliminary review of the complaint reveals that plaintiff includes unrelated claims against individuals employed by the Pennsylvania Department of Corrections. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

I. **Standards**

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986).

## II. <u>Discussion</u>

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. He sets forth a plethora of unrelated and independent claims. For instance, included in the complaint are Fourteenth Amendment due process claims, Eighth Amendment conditions of confinement and inadequate medical care claims, First Amendment Religious violation and Retaliation claims and claims of conspiracy. The claims include a number of separate transactions and occurrences and do not involve an issue or question of law or fact common to all defendants. While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

### III. Conclusion

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint. To the extent that he believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 22, 2014